IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **VALERIE WILLIFORD**, <br><br> Plaintiff, <br><br> v. <br><br> **INTERSTATE TRUCKERS LTD. ASSISTANCE ADMINISTRATION**, <br><br> Defendant. | Case No. CIV-20-186-R |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference:          May 7, 2020 @ 10:15am

Appearing for Plaintiff:      Leah M. Roper
                              D. Colby Addison

Appearing for Defendant:   Nathan L. Whatley
                              Philip R. Bruce

**Jury Trial Demanded ■ - Non-Jury Trial ☐**

1. **BRIEF PRELIMINARY STATEMENT**. State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

   Plaintiff is seeking damages for Defendant's wrongful termination of her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Oklahoma Anti-Discrimination Act ("OADA"). During Plaintiff's time of employment with Defendant, she experienced various forms of sexual harassment and discrimination based upon her sex. On or about June 14, 2018, Plaintiff complained to Defendant's owner, specifically Brad Klepper, about the sex discrimination, sexual harassment, and hostile work environment. Approximately five days later, Defendant provided Plaintiff her first "Employee Warning Notice & Counseling Session," which was for an incident that was the fault of another employee and a third party. A few weeks thereafter, Defendant provided Plaintiff another "Employee Warning Notice & Counseling

Session." Plaintiff complained to Defendant that she felt this was retaliation for her complaints. Less than a week later, Plaintiff was terminated.

Defendant denies Plaintiff's allegations and denies that Plaintiff was subjected to illegal sexual harassment. Defendant denies that it discriminated against Plaintiff on any basis and denies that it retaliated against Plaintiff for any protected activity. Defendant took quick action to investigate Plaintiff's claim of harassment and to ensure that its expectations of civility and professionalism were being met by all employees. Plaintiff's warning notice was already being drafted well before she ever made a complaint and had no connection with her complaint or the events about which she complained. Similarly, Plaintiff's termination was entirely unrelated to any complaints that she made and was based on legitimate, non-discriminatory business reasons.

2. **JURISDICTION**. State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

   28 U.S.C. § 1331

3. **STIPULATED FACTS**. List stipulations as to all facts that are not disputed, including jurisdictional facts.

   a. Jurisdiction and venue are proper.
   b. Defendant is a covered employer under Title VII and OADA.
   c. Plaintiff's dates of employment with Defendant were August 3, 2016, to August 17, 2018.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

   a. <u>Plaintiff</u>: Plaintiff's claims seek all available damages under Title VII and the OADA, including but not limited to, lost wages (back, present, and front pay) and emotional distress/dignitary harm damages, punitive damages, compensatory damages, liquidated damages, attorneys' fees, costs, pre- and post-judgment interest, and such other relief this Court may deem equitable and appropriate.

b.  <u>Defendant</u>:

1. One or more of Plaintiff's Causes of Action fails to state a claim upon which relief can be granted.

2. Defendant did not discriminate against Plaintiff on any illegal basis.

3. All employment actions relating to Plaintiff were taken for legitimate nondiscriminatory reasons.

4. Plaintiff is not entitled to recover the relief requested in her Petition.

5. Plaintiff has not suffered the damages alleged in her Petition.

6. On belief of Counsel, Plaintiff has failed to mitigate her damages, if any.

7. The actions of Defendant do not warrant the imposition of punitive damages.

8. Any challenged actions were lawful, were privileged or justified, were not done for the purpose of causing injury, and were not motivated by malice, ill-will, or malice at law.

9. All challenged actions were made in good faith and were reasonable.

10. Plaintiff was not subject to illegal harassment or a hostile work environment.

11. Alternatively, Defendant exercised reasonable care to prevent and promptly remedy or correct any harassing behavior, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendant to avoid harm.

12. Plaintiff's claims and/or her ability to recover legal and equitable damages, if any, are barred, in whole or in part, by the after-acquired evidence doctrine.

13. Plaintiff is not entitled to the relief requested, whether legal or equitable in nature, in her Petition.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**. Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

    ☐ Yes     ■ No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

    Plaintiff anticipates filing of a protective order to govern confidential information disclosed in discovery and will file a partial motion for summary judgment if warranted by the facts.

    Defendant anticipates filing a dispositive motion and motions in limine.

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?  ☐ Yes   ■ No
    If "no," by what date will they be made? <u>May 7, 2020</u>

8. **PLAN FOR DISCOVERY**.

    A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on <u>April 10, 2020</u>.

    B. The parties anticipate that discovery should be completed within <u>8</u> months.

    C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? <u>4 months.</u>

4

D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

■Yes    ☐ No

E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

■ Yes    ☐ No

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.
_____

F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.
_____

9. **ESTIMATED TRIAL TIME**: 2-3 days

10. **BIFURCATION REQUESTED**:    ☐ Yes    ■ No

11. **POSSIBILITY OF SETTLEMENT**:

　　　　☐ Good    ■ Fair    ☐ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

    A.  Compliance with LCvR 16.1(a)(1) - ADR discussion:

        ■ Yes    □ No

    B.  The parties request that this case be referred to the following ADR process:

        □ Court-Ordered Mediation subject to LCvR 16.3
        □ Judicial Settlement Conference
        □ Other _____
        ■ None - the parties do not request ADR at this time.

13. Parties consent to trial by Magistrate Judge?   □ Yes   ■ No

14. Type of Scheduling Order Requested.  ■ Standard -  □ Specialized  (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

                                *s/D. Colby Addison*
                                D. Colby Addison, OBA #32718
                                Leah M. Roper, OBA #32107
                                THE CENTER FOR EMPLOYMENT LAW
                                1133 N. Portland Ave.
                                Oklahoma City, OK 73107
                                Telephone: 405.252.1180
                                Leah@CenterforEmploymentLaw.com
                                Colby@CenterforEmploymentLaw.com
                                ATTORNEYS FOR PLAINTIFF

                                *AND*

*s/ Nathan L. Whatley*
*(Signed by filer with permission)*
Nathan L. Whatley, OBA #14601
MCAFEE & TAFT
Tenth Floor, Two Leadership Square
211 N. Robinson Ave.
Oklahoma City, OK 73102
Telephone: 405.235.9621
Facsimile:  405.235.0439
nathan.whatley@mcafeetaft.com
ATTORNEY FOR DEFENDANT