# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

**VALERIE WILLIFORD**,

    Plaintiff,

v.

**INTERSTATE TRUCKERS LTD. ASSISTANCE ADMINISTRATION**,

    Defendant.

Case No. CIV-20-186-R

## PROTECTIVE ORDER

**PURSUANT TO APPLICATION AND FOR GOOD CAUSE** this Court enters the following Protective Order governing confidential and private material obtained in this case.

1. The following, if obtained during the course of this litigation, are deemed private and confidential and subject to this Order:

    A. Medical, psychological or counseling records, and marital records related to any persons and the information contained in such records.

    B. Tax returns pay records, loan applications, financial statements and W-2 forms related to the Plaintiff or any other persons and non-public financial records of the Defendant.

    C. Any documents showing salary, payroll, tax, insurance, benefit or retirement records, beneficiary designations or benefits.

    D. For non-parties, performance appraisals, performance improvement plans and disciplinary records.

  E. Social Security numbers and dates of birth of any persons shall not be held confidential provided, however, that month and year of birth and last four digits of a social security number shall not be confidential.

  F. The names of minor children or incompetent persons shall be confidential however such persons may be identified by initials.

  G. Unlisted home addresses and unlisted home phone numbers and cell phone numbers, however the last four digits of a phone number shall not be confidential.

  H. Educational records of any persons to the extent such records are covered by 20 U.S.C. § 1232g however the dates of attendance at a school, degrees obtained, and dates of degrees shall not be confidential.

  I. Trade secrets as defined by Oklahoma statutes.

2. The confidential materials described above shall remain confidential and, absent permission by the Court, will be used only for the purpose of preparation and presentation of this case.

3. Subject to special limitations on tax returns, non-public financial information, education records, marital records, medical, psychological and counseling records, and trade secrets, other confidential materials may be disclosed to:

  A. The parties;

  B. The attorneys for the parties and the attorneys' staff;

  C. The Court, the Court's staff and the staff of the Court Clerk;

  D. Any witness during the course of depositions;

  E. Any court reporter or videographer;

    F.    Any person who is or reasonably may be expected to be a witness in this action, and

    G.    Any person who reasonably would need to see such materials in order give testimony or information related to the case, to form opinions or to serve as a consultant with regard to issues in the action.

4. In the case of tax returns, grade transcripts, marital records, medical, psychological or counseling records and trade secrets, the records or the contents thereof may be disclosed only to the following persons without leave of court:

    A.    The court, court clerk and staff of those entities;

    B.    Counsel for the parties;

    C.    Expert witnesses or consultants who are qualified to evaluate such records;

    D.    The person who is the subject of the records or the guardian of such person;

    E.    Court reporters.

This Order shall not preclude either counsel from communicating a general assessment or analysis of the impact of the records or their contents or an assessment or analysis by their expert witness(es) to their clients or insurance representatives for purposes of settlement discussion or case preparation.

5. In order to comply with HIPAA requirements and particularly 45 C.F.R. § 164.512(e)(v)(A), (B), a party receiving medical records must:

      A.     Not use or disclose the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and

      B.     Must return such information to either the entity from which it was received, or the attorney of the party to whom it pertains or destroy the protected health information (including all copies made) which actions must be taken at the end of the litigation or proceeding.

6. In the case of disclosure of records or confidential information to persons who are potential witnesses as described in Par. 3(F) or (G), the disclosing party may not provide the potential witness with a copy of any confidential document but may show such document or orally share that information.  Such persons must be advised that the information is subject to a confidentiality order and that such order applies to them.  Such persons must be advised that they must maintain such information as confidential.

7. Confidential records subject to this Order need not generally be filed or presented under seal.  Confidential personnel records of third parties may be filed provided that the names of the third-parties and identifying information (except for initials or similar designations) are redacted.  Medical, counseling or psychological records, marital records, grade transcripts, trade secrets and non-public financial records or tax returns shall be sealed along with the portions of any transcripts of testimony, reports or other documents which would disclose information contained in such records.  The parties will comply with the procedures set forth in the Electronic Filing Policy and Procedures Manual ("ECF Policies

& Procedures Manual") § III(A) for filing under seal confidential documents which are subject to this protective order. In lieu of filing under seal, parties will be allowed to redact the restricted portions of the information from documents filed with the Court unless that confidential information is material to the issue being presented.

8. The party entitled to hold the information as confidential may waive the confidentiality of all or part of any otherwise confidential information or waive the requirement that any portion of information be filed under seal, however such waiver will not be implied but must be made expressly by the party.

9. Information that is confidential shall be marked confidential except that medical and counseling records, tax returns of individuals and educational records are confidential without further designation. Trade secrets shall be identified as trade secrets. A party may designate portions of depositions as confidential if it contains information designated as confidential by this Order and if such designation is made in writing within fifteen (15) days of the transmittal of the deposition transcript.

10. Disputes over whether material is confidential. Any party receiving information marked as confidential or a designation of deposition testimony may dispute the designation of confidentiality by sending a written statement to the designating party. The written statement must identify what documents or testimony is disputed as confidential and it must be sent out within fifteen (15) days of the receipt of the designation of confidentiality. Thereafter, the party making the designation of

confidentiality has the duty to meet and confer and, if no agreement can be reached, to file a motion asking for a determination of the confidential nature of the information which must be filed within thirty (30) days of the date when the objection to confidentiality is received. If no application is made, the material will cease to be confidential. If application is made, the material must be treated as confidential until the Court determines the matter.

11. Subpoenas: In order to avoid discovery disputes, the parties shall attempt, subject to the time constraints, to resolve disputes regarding the scope and subject of subpoenas prior to issuing the subpoena. A party shall provide at least seven (7) days' notice prior to issuance of a subpoena to a nonparty. Each party issuing subpoenas shall serve a copy of any subpoena on the opposing party at the same time such subpoena is issued and each party receiving documents pursuant to a subpoena shall provide to the other party a complete copy of all documents received within five (5) working days of the receipt of such documents.

12. Control and distribution of the information and/or documents subject to this Order shall be the responsibility of the attorneys of record.

13. Claims of Privilege or inadvertent disclosure of privileged or confidential material shall be controlled by the provisions of Rule 26.

14. This Order shall remain in force unless and until it is modified by this Court.

15. Information filed of record or presented in open court ceases to be confidential when so filed or presented subject, however, to the right of either party to move separately for the sealing of such information or for its withdrawal from the public record.

16. The entry of this protective order does not constitute a determination that any materials designated as confidential are either relevant, admissible or subject to being produced during discovery.  Each party retains the right to make substantive objections to discovery requests other than those based on privacy or confidentiality.

17. This Order shall not affect or limit the presentation of evidence, including materials marked as confidential, during the trial of this action.

18. At the conclusion of the litigation– which includes completion of all appeals, matters on remand or the expiration of time for appeals– counsel shall, if requested, return tax records, medical or counseling records, marital records, educational records and trade secrets.  The balance of any other confidential records shall be returned or destroyed at counsel's option after the passage of five years.  The parties agree that they will not charge each other for document production.  It is in all instances the responsibility of the party seek return of documents to make a formal request for return and set out the proposed manner of return.

IT IS SO ORDERED this 11th day of June 2020.

_____
**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**