# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VALERIE WILLIFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-20-186-R |
| | ) | |
| INTERSTATE TRUCKERS LTD. | ) | |
| ASSISTANCE ADMINISTRATION, | ) | |
| | ) | |
| | ) | |
| Defendant, | ) | |

## ORDER

Before the Court is Plaintiff's Motion to Compel (Doc. No. 17). Defendant responded in opposition to the motion. (Doc. No. 20). In the motion Plaintiff argues that Defendant waived the attorney-client privilege by failing to timely provide a privilege log. Plaintiff further argues the documents sought are not privileged and requests that the Court order "Defendant to produce *all* email communications between Defendant and its investigators regarding Plaintiff's complaint(s) and investigations thereof." (Doc. No. 17, p. 4). The Court ordered Defendant to produce the emails identified by Plaintiff in her motion to the Court for *in camera* review. Upon consideration of the parties' submissions and having conducted an *in camera* review of the documents, the Court finds as follows.

> Rule 26(b)(5)(A) provides:
> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Defendant concedes that its privilege log was not provided to Plaintiff at the same time it responded to Plaintiff's discovery requests, that is, on June 4, 2020. Rather, Defendant finally submitted its privilege log to Plaintiff on September 9, 2020. Plaintiff contends that this delay resulted in waiver of the privilege, a conclusion with which Defendant disagrees.

The Court finds that, although the privilege log was not provided by Defendant to Plaintiff at the same time as its June 4, 2020 discovery responses, Defendant did not waive the attorney-client privilege. Defendant provided a privilege log without inordinate delay, and Plaintiff does not complain about the sufficiency of the privilege log.

Plaintiff next contends that Defendant cannot avoid production of the requested documents by claiming privilege for communications between attorney and client and simultaneously relying on the *Faragher/Ellerth* defense.[1] Defendant contends that, because counsel did not perform the investigation into Plaintiff's Title VII allegations, it is entitled to assert the attorney-client privilege with regard to the documents at issue herein.

Although Plaintiff requests that the Court compel Defendant to produce all email communications between Defendant and its investigators, Plaintiff does not identify any emails in the privilege log that indicate such a communication.[2] Additionally, the cases

---

[1] The *Faragher/Ellerth* defense allows an employer to escape some Title VII liability if it can prove "two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Kramer v. Wasatch Cnty. Sheriff's Office*, 743 F.3d 726, 745 (10th Cir. 2014) (internal quotation marks omitted).
*Chavez v. Bd. of Cty. Commissioners of Lake Cty., Colorado*, 423 F. Supp. 3d 1106, 1109 (D. Colo. 2019).

[2] Notably, the Motion to Compel does not provide the Court with any context for the emails for which she seeks production—specifically Plaintiff does not identify the role of the participants in the various emails. The Court's review of Defendant's discovery requests, attached to Defendant's Response as Exhibit 5, assisted the Court in identifying the participants in the emails. The Court's review does not indicate that Mary Whitson or Cindy Green, investigators from Onward HR Solutions, the outside investigation company hired to complete the investigation into

cited by Plaintiff regarding the inability to rely on attorney-client privilege in circumstances where the attorney conducts the investigation into allegations of harassment or discrimination are inapposite in this case, where the investigation was conducted by an outside party.[3] The Court's *in camera* review of the documents reveals no communications between Defendant and the outside investigators withheld on the basis of the attorney-client privilege.

> [I]n the Tenth Circuit, "[t]he attorney-client privilege protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor." *In re Grand Jury Proceedings*, 616 F.3d 1172, 1182 (10th Cir. 2010) (internal quotation marks omitted) (citation omitted). "[T]he mere fact that an attorney was involved in a communication does not automatically render the communication subject to the attorney-client privilege." *Id*. (quoting *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1550–51 (10th Cir.1995)). Rather, the "communication between a lawyer and client must relate to legal advice or strategy sought by the client." *Id*. (internal quotation marks omitted) (citation omitted).

*Entrata, Inc. v. Yardi Sys., Inc.*, No. 2:15-CV-00102, 2018 WL 4146605, at *2 (D. Utah Aug. 30, 2018).[4] Under this standard, the Court finds that the communications identified

---

Plaintiff's allegations of harassment, discrimination, and retaliation, was a participant in any of the emails. If the Court's conclusion is incorrect the parties should correct the Court's misapprehension of the record.

[3] The Court acknowledges that the outcome of the instant motion likely would be different if counsel had conducted the investigation.
> The 10th Circuit has not – and indeed, as best as the Court's research reveals, nor has any Circuit Court of Appeals –categorically stated that assertion of a *Faragher*/*Ellerth* defense operates to waive privileges that attach to an **attorney-guided investigation** of a sexual harassment complaint. But the clear weight of District Court authority leans towards such a finding.

*Culp v. Remington of Montrose, LLC*, No. 18-CV-02213-MSK-GPG, 2020 WL 2316099, at *2 (D. Colo. May 11, 2020)(emphasis added citations omitted).

[4] This case involves both federal and state law claims. "Where a privilege is asserted for evidence relevant both to federal and pendent state-law claims, most circuit courts have either held that federal privilege law governs or approved of such an approach without explicitly adopting it." *Vondrak v. City of Las Cruces,* 760 F. Supp. 2d 1170, 1176 (D.N.M. 2009) (citing D.C., Second, Third, Sixth, Seventh, Ninth, and Eleventh Circuit cases). "The United States Court of Appeals for the Tenth Circuit has differed from the other circuit courts to the extent that it has held that, where there are federal and state law claims, 'as to state causes of action, a federal court should look to state law in deciding privilege questions.'" *Id.* However, the Tenth Circuit has not determined whether federal or state privilege law applies where, as here, the evidence is relevant to both federal and state claims. E*ntrata, id.* This Court concurs

by Plaintiff in her Motion to Compel and provided by Defendant to the Court for *in camera* review are subject to the attorney-client privilege.[5] The relevant emails indicate that information is being conveyed by the client, Interstate Trucking, Ltd., to the attorney, Paul Ross, for purposes of obtaining legal advice, or communications by Mr. Ross to his client conveying legal advice. Although certain of the information contained in the emails is subject to discovery via alternative methods, Plaintiff is not entitled to the documents reviewed.

For the reasons set forth above, Plaintiff's Motion to Compel is DENIED.

**IT IS SO ORDERED** this 8th day of December 2020.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

with those district courts in this Circuit that have concluded the federal privilege law applies when the primary source of the court's jurisdiction is the federal claim. *Vondrak*, 706 F.Supp.2d at 1177; *Entrata, Inc.*, 2018 WL 4146605; *Tanner v. McMurray*, 405 F. Supp. 3d 1115, 1187 (D.N.M. 2019).

[5] Defendant provided the Court with various email chains and not all emails in the chain are privileged. However, to the extent any of the emails are not privileged, the Court finds that information contained therein is not relevant to this case nor reasonably calculated to lead to the discovery of admissible evidence and therefore not discoverable. *See* Fed. R. Civ. P. 26(b).